### METZ v. JOHNSON.

#### (Circuit Court, D. Massachusetts. January 4, 1902.)

#### No. 1,441.

PATENTS—INVENTION—BICYCLE PEDALS.
   The Metz patent, No. 536,071, for a bicycle pedal, is void for lack of patentable invention. While the device of the patent as constructed and sold is highly successful, and shows invention, such fact is due to a change made therein subsequent to the patent, which gave it a new function, of which the patentee did not at that time have the idea, nor describe the means by which the result could be accomplished, but which was a matter of later invention.

In Equity. Suit for infringement of patent. On final hearing.

Thomas Curley, for complainant.

Kerr, Page & Cooper, for defendant.

ALDRICH, District Judge. My conclusion is that the patent in question, No. 536,071, does not involve patentable invention. It is true that the complainant's combination, as described in his patent, and as supplemented by what seems to me to be a subsequent discovery of means, presents a useful and very desirable pedal for bicycles. With the subsequent discovery it became an ingenious and taking combination, and one which has commanded a very large sale, showing that it has merit.

Without enumerating the various elements of the combination described in the patent, I will refer to one feature of the pedal in actual operation, without which the pedal described in the combination would not be practical, and that is the feature of a change of the right and left hand screw threads of the pintles. Mr. Metz described in his claims pintles having screw-threaded ends, and his idea was to attach the pintles to the crank shafts by means of the screw-threaded ends, without employing any of the old independent devices for holding them firmly in place. In the use of bicycles prior to the Metz patent, both the right-hand and the left-hand pintles were threaded with a right-hand screw thread, and difficulty had resulted from the fact that the right-hand pintle was likely to become loose in the crank. At the time of the Metz patent, his idea was to master that difficulty by putting a left-hand screw thread on the right-hand pintle, and a right-hand screw thread on the left-hand pintle; but, as a result in practical operation, the tendency was to unscrew both pintles in the crank-shaft arms. So, in view of this unexpected difficulty in actual operation, and as a result of observations and experiments, made by the patentee after his patent was taken out, he conceived the idea of reversing the screw threads, and doing what had never been done before in connection with bicycle pedals, or, so far as shown, in any other art, by making a right-hand pintle with a right-hand thread, and a left-hand pintle with a left-hand thread, with threads in the crank-shaft arms to match. This was in the spring or summer of 1895. Under these conditions, it turned out, upon use and investigation, that automatic tightening of both pintles resulted by reason of the wobble of the pintle in actual use, which tended to screw home or tighten both pintles in the crank arms. Thus, the means of tightening resulted from the idea of changing the screw threads, which at once made a success of the Metz device, and his method of screw-threading was quite universally adopted.

Now, if the patentee had been possessed of that idea at the time of his patent, and had described it in connection with the other elements, or if the combination which he did describe had possessed the inherent capacity or function of accomplishing that result, I should have no doubt as to the validity of the invention; but the difficulty, as it seems to me, arises from the fact that the patentee did not describe such means, nor had he discovered these means at the time of the patent. The discovery was a valuable one, and would seem to have involved more than mechanical skill. It resulted from subsequent investigation and invention, and it is therefore extremely doubtful whether it is within that class of cases

where it is held that one who has plainly described and claimed his machine or combination has a right to every use to which his device can be applied, and to every way in which it can be utilized to perform its functions, whether or not the inventor was aware of all these uses or methods of use when he claimed and secured his patent.

The case of National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 45 C. C. A. 544, 106 Fed. 693, is perhaps the strongest case for the patentee. In that case, Hien described the means, but not the idea. He did not know that resiliency in the brake beam would result from simply turning the nuts upon the ends of the tension rod, and he was possibly not aware of the utility of resilience as an element in his device. This he discovered after the patent was issued, and the patent was sustained on the ground that the means described possessed the function necessary to produce the resiliency which subsequent experiments demonstrated to be useful and necessary.

The difficulty with the patent at bar would seem to be that Metz not only did not have the idea, but did not describe the means; and the device which he had in mind and did describe had to be changed, as the result of the new discovery, by putting the system of screw threads designed for one side upon the other side of the machine, and vice versa. If, as has been said, Mr. Metz, in connection with his other elements, had described the means for this automatic tightening, I should have no doubt of the patentability of his combination; but his means, as it seems to me, result from a subsequent discovery of new means, and not from a discovery that the means described would perform the necessary function. In other words, the function of automatic tightening resulted from a discovery subsequent to his patent, through a rearrangement of the means described.

In this view, I must find and hold that the patent is invalid, and that the bill should be dismissed. Bill dismissed.